CASE NO. 22-6045

DIST/Ag docket : 5:18-CV-00793-D

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

---

MARK A. PENDERGRAFT, Pro se

APPELLANT,

v.

BOARD OF REGENTS OF OKLAHOMA COLLEGES, DAVID MISAK, in his Individual Capacity, et al.,

APPELLEE,

---

**APPELLANT / PETITIONER'S REPLY BRIEF**

---

**ORAL ARGUMENT REQUESTED**

MARK A. PENDERGRAFT, PRO SE
P.O. BOX 402
PIEDMONT, OK 73078
405) 863-6573

APPELLANT

SEPTEMBER 8, 2022

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| MARK A. PENDERGRAFT ) | |
| ) | |
| Plaintiff / Petitioner- ) | |
|     Appellant, ) | |
| ) | |
| v. ) | Case No. 22-6045 |
| ) | Dist. / Ag Docket: 5:18-CV-00793-D |
| BOARD OF REGENTS OF ) | |
| OKLAHOMA COLLEGES, DAVID ) | Appellant / Petitioner's Reply |
| MISAK, in his individual and official ) | Brief |
| Capacities, and TODD THURMAN, in ) | |
| his individual and official capacities. ) | |
| ) | |
| Defendant / Respondent- ) | |
|     Appellee, ) | |

## **APPELLANT / PETITIONER'S REPLY BRIEF**

**Comes Now,** Plaintiff / Petitioner - Appellant, Pro se, Mark A. Pendergraft, and respectfully submits his Reply Brief regarding his above Appeal.

## INTRODUCTION

The Appellees argue there was sufficient evidence to support the district court's finding that Appellant could not establish a prima facie case of pay discrimination under the Equal Pay Act because his work was not substantially equal to his female Coaching comparator. Further, he has not shown a genuine issue for trial exists on this issue. Therefore, the district court granting their Motion for Summary Judgement and further, declining to exercise supplemental jurisdiction over Appellant's state law claims was appropriate.

However, based on the entire record, a reasonable trier of fact could not have concluded that Appellant failed to perform substantially equal work for the University as his female Coaching comparator. This is due to Appellees wrongfully terminating Appellant after only (3) three days of employment without just cause or a hearing. Appellees wrongfully terminated Appellant because he refused to change his paid employment contract to a non-paid volunteer contract. Subsequently, Appellant was wrongfully terminated to hide Appellees unethical and illegal acts and to make a University Donor happy by hiring a female friend and paying her twice the amount contractually agreed to pay Appellant.

## ARGUMENT

**PROPOSITION I. THE EVIDENCE DID NOT SUPPORT THE TRIAL COURT'S CONCLUSION THAT APPELLANT CANNOT ESTABLISH A PRIMA FACIA CASE OF PAY DISCRIMINATION UNDER THE EQUAL PAY ACT.**

A. Appellant was an employee of SWOSU.

Appellees have continued to claim that Appellant was not an employee of SWOSU even though the University used his name and likeness in NCAA recruiting materials and referred to him as "Coach". Appellant also signed a pay action form (contract) with SWOSU, provided work, and recruited student-athletes for the SWOSU Softball program. Appellant proved through his affidavit to have first-hand knowledge, and it, when combined with his undisputed work performed on campus in two NCAA Recruitment Tours with student athletes and their families was sufficient to raise a genuine dispute as to whether he was an employee of SWOSU. Especially considering that the first tour was conducted with both Head Softball Coach Kim Maher and Appellant. The second tour including a student athlete and her family was conducted by Appellant **ONLY**. This fact is reflected in the NCAA Recruitment notices in the "Itinerary" section. (Doc.115, Ex.6 & 7)

2

The document states which Coach the Athlete is to meet and at what time. The above evidence proves he was an employee of SWOSU. It is a huge NCAA violation for a non-university employee to be involved in recruiting in any form.

B. <u>Appellant did show he performed equal work under the Equal Pay Act prior to being wrongfully terminated</u>.

Here, the Appellees argue that Appellant did not perform substantially all the duties of his female comparator. Further, he has not shown a genuine issue for trial exists on this issue. Appellees claim that Appellant did not assist with any practices, games, training, or field maintenance like his female comparator performed. The reason Appellant didn't participate in the above tasks is because he was never asked or instructed to perform these tasks by Coach Maher at any time before he was wrongfully terminated by SWOSU Athletic Director Thurman. Appellant was only employed at SWOSU from August 17, 2016, to August 19, 2016, before being wrongfully terminated. Appellant's female comparator was employed for a full year when those duties were required. The (3) three days Appellant was employed was during the softball off-season when no practice, games, or any training was taking place. As a result of the Softball off-season, no field maintenance was needed or required. The grass field and surrounding grass areas were maintained year-round by the SWOSU landscaping crew, not the coaching staff. The only activities that were taking place during the off-season was recruiting. This was the main reason that Appellant was hired is because of his business experience, softball coaching contacts, knowledge of softball, name recognition for recruiting, and 10-year experience of successful Head Coaching Softball in the highly elite "travel ball" circuit. Appellant's background was checked by Head Coach Kim Maher through references she asked him to provide. Appellant provided the name and number of a Coach from a University in Oklahoma who he had worked with for 4 years previously. He also gave the name and number of a highly respected "travel Ball" Coach.( See

3

Appellant's SWOSU application) Travel ball is made up of highly talented athletes, from across the country in their age group. These athletes are seeking full scholarships from major Universities in their sport of choice. Appellant was hired after Coach Maher spoke with those Coaches and said she was impressed and that no other references or in-depth application was needed. A reasonable trier of fact could not have found in favor of the Appellees based on the entire record. Thus, the judgment must be reversed.

C. Appellant's female comparator was paid twice the amount posted in the SWOSU job posting based on her sex and to make a SWOSU Donor happy.

It is undisputed that Appellant's female comparator was hired after Appellant was wrongfully terminated and paid twice the amount agreed to pay Appellant for the same job duties. It also undisputed that SWOSU never used Appellant's comparators name and or likeness on any NCAA recruiting materials to recruit any student athletes. This is because his female comparator didn't have the same national name recognition and experience as a Head "Travel Ball" fastpitch Softball Coach as he did. His female comparator was a career schoolteacher who received a stipend to Coach softball over the years. Therefore, no document has ever been produced to show her name and likeness used to recruit student athletes for college.

D. Appellant relies on a Second Circuit decision, Lavin-McEleney v. Marist Coll.,239 F.3d 476,479 (2d Cir. 2001) to support his Appeal.

Whether two positions are "substantially equivalent" for Equal Pay Act purposes is a question for the jury.   See Tomka, 66 F.3d at 1311 ("[I]t is for the trier of fact to decide if [there] is a significant enough difference in responsibility to make the jobs unequal.");   see also Hein v. Or. Coll. of Educ., 718 F.2d 910, 913 (9th Cir.1983) (noting that whether two jobs are substantially equal is a question of fact).

Appellant has provided an overwhelming amount of evidence in favor of his case. He strongly feels that a reasonable and fair-minded person could arrive at a verdict against Appellees because they wrongfully terminated him after 3 days employment to hide their unlawful acts. The totality of evidence establishes that you cannot compare Appellant and his

4

female comparator because she was employed for a year and Appellant was terminated after only 3 days because he refused to sign a new volunteer agreement.

## PROPOSITION II. THE DISTRICT COURT ABUSED ITS DISCRETION IN DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER APPELLANT'S REMAINING STATE CLAIMS.

Appellant disagrees with the District Court's decision not to exercise supplemental jurisdiction over his remaining state claims because it greatly harms Appellant Pro se after (4) years working through the Federal Court system. For Appellant's claims to now be sent to the State Court will greatly delay justice for Appellant. Due to Covid delays and everything else considered it would be another (3) three years to bring his case in front of a Jury. The State of Oklahoma Court system is still overwhelmed from Covid-19 and mass filings after the Covid surge. This greatly prejudices Appellant because during that huge time lapse witnesses' memories can fade, not to mention witnesses can pass away. Appellant has worked tirelessly to bring his case to trial, adhere to all deadlines, and spend the tens of thousands of dollars to bring this case to trial. These have been unconventional times with covid delays and other delays.

Appellant respectfully requests that his State claims be remanded back to the District Court for Trial.

# CONCLUSION

Appellant submits the totality of the evidence does not support the trial court's conclusion that he failed to provide work for the University that was substantially equal to his female comparator. Further, Appellant has shown a genuine issue for trial exists on this issue because he was wrongfully terminated so that his salary could go to his female comparator to make a University Donor happy. All the evidence supports a finding that the Appellant properly applied for the Coaching position, had a background check performed on him by the University, and started work on August 17, 2016. Appellant was wrongfully terminated for two reasons,(1) when the University Athletic Director found out a man was coaching women's softball and became mad, and (2) when the Athletic Director wanted to hire a female coach at twice the salary paid to Appellant to make a University Donor happy. Appellant respectfully requests that this Court reverse the decision of the trial court, remand for trial, and vacate the award of court costs to Appellees.

# STATEMENT ON ORAL ARGUMENT

Appellant respectfully requests that oral arguments be heard in this case. As a Pro se litigant, I have not been trained in either Legal, technical, or analytical writing. As a result of this, I feel I haven't been able to make the best arguments or properly express myself to the Court. If allowed, Appellant will be properly prepared to orally present his Appeal in an orderly and proficient manner and answer all questions that the Judges may ask about my case. In the 4 years my case has moved forward, I have not been able to argue any Motion before a Judge. This request is respectfully made in the interest of fairness and justice.

Respectfully submitted,

DATED: September 8, 2022

Mark Pendergraft, Pro se
P.O. Box 402
Piedmont, OK 73078
405-863-6573

Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2022, I sent a copy of the Appellant/Petitioner's Reply Brief to Attorneys Dixie Coffey and Lauren Ray-Morales, at the Oklahoma Attorney's Generals Office, 313 NE 21st street, Oklahoma City, Ok 73105, the last known address, by U.S. First Class Mail.

September 8, 2022
Date

Signature

## CERTIFICATE OF COMPLIANCE

I certify that the total number of pages I am submitting as my Reply Brief is (30) thirty pages or less or alternatively, if the total number of pages exceeds (30) thirty, I certify that I have counted the number of words and the total is 1835 , which is less than 13,000. I understand that if my Brief exceeds 13,000 words, my brief may be stricken, and the appeal dismissed.

_September 8, 2022_
Date

_[signature]_
Signature



**Retail**

**US POSTAGE PAID**
$8.95
Origin: 73099
09/08/22
3993060450-03

**PRIORITY MAIL®**

0 Lb 3.60 Oz
1004

EXPECTED DELIVERY DAY: 09/10/22

SHIP TO:
DENVER CO 80257

**USPS TRACKING #**

9505 5152 1648 2251 0392 50

**TRACKED ▪ INSURED**

PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2




**PRIORITY® MAIL**

urance (restrictions apply).*
nternational destinations.
form is required.
ims exclusions see the
lity and limitations of coverage.


Scanned by US Marshal

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**PRIORITY MAIL FLAT RATE ENVELOPE POSTAGE REQUIRED**

PRESS FIRMLY TO SEAL

**PRIORITY ★ MAIL ★**


VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:
MARK PenDergraFT, Prose
P.O. Box 402
PIEDMONT, OK 73078

TO: BYRON WHITE
COURT HOUSE
C/O COURT CLERK
1823 STOUT STREET
Denver, CO 80257

Label 228, March 2016     FOR DOMESTIC AND INTERNATIONAL USE